United States District Court
Southern District of Texas
**ENTERED**
October 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF GIDDINGS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-25-3514 |
| JPMORGAN CHASE BANK, N.A. and TAIJAH ELIZARES, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

First National Bank of Giddings ("Plaintiff") brought this action against JPMorgan Chase Bank, N.A. ("Chase") and Taijah Elizares ("Elizares"), alleging that because Chase allowed Elizares to cash an altered check, money was improperly taken from Plaintiff's customer. Pending before the court is Plaintiff's Motion to Remand by First National Bank of Giddings ("Motion to Remand") (Docket Entry No. 11). For the reasons stated below, Plaintiff's Motion to Remand will be denied.

**I.   Background**

Plaintiff brought this action in the 125th District Court of Harris County, Texas, on February 16, 2024.[1] Plaintiff requested

---

[1] Plaintiff's Original Petition, Exhibit A-2 to JPMorgan Chase Bank's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-1, p. 4. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

an issuance of service for Chase on February 16, 2024,[2] and Chase was served with process on February 22, 2024.[3] Plaintiff has yet to request an issuance of service for Elizares.[4]

While in state court, Plaintiff propounded interrogatories, requests for production, and requests for admissions to Chase.[5] Chase and Plaintiff engaged in a lengthy discovery dispute until Chase was ordered to respond to Plaintiff's discovery requests by the state court.[6] The only document Plaintiff sent to Elizares is a Request for Authorization to Release Records,[7] which it was required to send under § 59.006 of the Texas Finance Code.[8]

---

[2]Request for Issuance of Service, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1, p. 25.

[3]Executed Return of Service, Exhibit A-5 to Notice of Removal, Docket Entry No. 1-1, p. 32.

[4]Defendant, JPMorgan Chase Bank, N.A.'s Response to Plaintiff's Motion to Remand ("Response to Plaintiff's Motion to Remand"), Docket Entry No. 12, p. 10 ¶ B.11.

[5]Plaintiff's Motion to Compel Chase Bank, Exhibit A-13 to Notice of Removal, Docket Entry No. 1-1, p. 78.

[6]Order Granting Motion to Compel Chase Bank, Exhibit A-35 to Notice of Removal, Docket Entry No. 1-2, pp. 70–73.

[7]Request for Authorization to Release Records per Section 59.006 of the TX Finance Code ("Request for Authorization to Release Records"), Exhibit A-29 to Notice of Removal, Docket Entry No. 1-1, p. 504.

[8]TEX. FIN. CODE § 59.006(b)(3)(A) (requiring authorization from the bank customer when a financial institution is asked to release a record that relates to the customer who is not a party to the proceeding).

Chase filed a Notice of Removal based on diversity jurisdiction on July 30, 2025,[9] arguing that although the Notice of Removal was filed more than one year after the action was commenced, the removal was timely under the bad faith exception in 28 U.S.C. § 1446(c)(1).[10] Because Plaintiff and Elizares are citizens of Texas and Chase is a citizen of Ohio,[11] Chase argues that Plaintiff's failure to pursue its claims against Elizares establishes that it joined Elizares for the sole purpose of destroying diversity jurisdiction.[12]

Plaintiff's Motion to Remand was filed on August 29, 2025, arguing that (1) its actions do not constitute bad faith, (2) Chase waived its right to remove by its actions in state court, and (3) Plaintiff is entitled to attorney's fees.[13] Chase responded on September 19, 2025,[14] and Plaintiff replied on September 26, 2025.[15]

---

[9] Notice of Removal, Docket Entry No. 1, p. 1.

[10] Id. at 1, 2 ¶ 4.

[11] Id. at 11 ¶ 22.

[12] Id. at 1.

[13] Plaintiff's Motion to Remand, Docket Entry No. 11, pp. 5-6 and 13-14.

[14] Response to Plaintiff's Motion to Remand, Docket Entry No. 12, p. 1.

[15] Plaintiff's Reply in Support of Its Motion to Remand, Docket Entry No. 13, p. 1.

## II. **Legal Standard**

Under 28 U.S.C. § 1441(a)[16] a defendant may remove a state court civil action to federal district court if it has original jurisdiction. See Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002).

"The district courts shall have original [diversity] jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). However "[a] case may not be removed under [§ 1446](b)(3) on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

---

[16]Title 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

### III. <u>Analysis</u>

**A. Because Plaintiff failed to pursue its claims against Elizares, Plaintiff acted in bad faith under 28 U.S.C. § 1446(c)(1).**

Chase argues that Plaintiff acted in bad faith by half-heartedly pursuing its claim against Elizares because Plaintiff has not served Elizares with process, has not requested that a citation be issued for Elizares, and has not propounded written discovery on Elizares.[17]

When determining whether a plaintiff joined a defendant in bad faith under 28 U.S.C. § 1446(c)(1), "the question is what motivated the plaintiff <u>in the past</u> — that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" <u>Hoyt v. Lane Construction Co.</u>, 927 F.3d 287, 293 (5th Cir. 2019) (quoting 28 U.S.C. § 1446(c)(1)) (emphasis in original). In <u>Hoyt</u> the Fifth Circuit held that plaintiffs act in bad faith when they half-heartedly pursue their claims against the non-diverse defendants. <u>See</u> <u>id.</u> at 292-293 (holding that the plaintiffs acted in bad faith by (1) "half-heartedly" pursuing their claim against the non-diverse defendant and by (2) dismissing the non-diverse defendant two days after the one-year deadline to remove the case expired).

---

[17]Response to Plaintiff's Motion to Remand, Docket Entry No. 12, p. 10. In fact, Plaintiff admits that its litigation strategy is to only pursue its claim against Chase because Chase is the party most culpable. Plaintiff's Motion to Remand, Docket Entry No. 11, p. 9 ¶ 11.

Relying on Hoyt, courts have found plaintiffs to be half-heartedly pursuing their claims against non-diverse defendants when the plaintiffs engage in behavior such as (1) failing to propound written discovery on the non-diverse defendant, (2) failing to depose the non-diverse defendant, (3) failing to seek a default judgment against the non-diverse defendant, and (4) continuing to keep the non-diverse defendant in the action despite knowing the evidence does not support the claim. E.g., Guerrero v. C.R. England, Inc., Civil Action No. 7:23-cv-00053, 2023 WL 3480903, at *4 (S.D. Tex. May 16, 2023) (finding that the plaintiffs never intended to pursue their claims against the non-diverse defendants because the plaintiffs had not propounded written discovery on them, had not deposed them, and knew about evidence that established that the non-diverse defendants were not liable); David-Lange v. Safeco Insurance Co. of Indiana, Civil Action No. 1:21-CV-080-C, 2021 WL 5278721, at *4 (N.D. Tex. June 9, 2021) (finding that the plaintiff half-heartedly pursued its claims against the non-diverse defendant because it had never served the non-diverse defendant with process and had dismissed the only non-time-barred claim against the non-diverse defendant); Flores v. Intex Recreation Corp., Civil Action No. 2:20-CV-73, 2020 WL 6385679, at *3 (S.D. Tex. July 2, 2020) (finding that the plaintiffs half-heartedly pursued their claims against the non-diverse defendant because they did not request any discovery from the non-diverse defendant). Furthermore, when a plaintiff makes no effort to serve the non-diverse defendant with process, that alone

is sufficient to support a finding of bad faith under § 1446(c)(1). Estate of Ross v. Eldridge, Civil Action No. 3:22-CV-660-DPJ-FKB, 2022 WL 17096997, at *4 (S.D. Miss. Nov. 21, 2022) (finding that the plaintiffs acted in bad faith because the plaintiffs half-heartedly pursued their claim against the non-diverse defendant by never serving the non-diverse defendant with process with no explanation for their failure to do so); see also David-Lange, 2021 WL 5278721, at *4 (questioning why the plaintiff offers no reason why the non-diverse defendant was never served years after the action was commenced).

The record in this case shows that Plaintiff acted in bad faith by half-heartedly pursuing its claims against Elizares. Since the state court action was filed on February 16, 2024, Plaintiff has yet to (1) serve Elizares with process, (2) request a citation of service for Elizares, or (3) pursue discovery against Elizares.[18]

Plaintiff argues that it could not serve Elizares with process because it could not confirm her address.[19]  This argument is unpersuasive since Plaintiff sent Elizares a Request for

---

[18] Notice of Removal, Docket Entry No. 1, pp. 6-7.  The only document that Plaintiff sent to Elizares was a request for authorization to release bank records.  Request for Authorization to Release Records, Exhibit A-29 to Notice of Removal, Docket Entry No. 1-1, p. 504.  Under Texas law this authorization is required to be sent to a bank's customer when the bank is being asked to release a record that relates to the customer.

[19] Plaintiff's Motion to Remand, Docket Entry No. 11, p. 9 n.26.

Authorization to Release Records by certified mail.[20]  But even if Plaintiff could not verify Elizares's home address, Plaintiff could have sought substituted service under Texas law.  See Tex. R. Civ. P. 106(b) (allowing for substituted service).

Plaintiff also argues that because it has not dismissed Elizares from the action, it has not acted in bad faith.[21]  But the dismissal of the non-diverse defendant is not necessary to find that a plaintiff acted in bad faith.  Guerrero, 2023 WL 3480903, at *3 ("While the Fifth Circuit did consider the timing of the dismissal relative to the one-year bar in Hoyt, that consideration was only one factor that the Court considered, and the Court did not make that consideration a dispositive one.").

When the record is viewed in totality, the court is persuaded that Plaintiff acted in bad faith in joining the non-diverse defendant, Elizares, to prevent removal.[22]

---

[20] Request for Authorization to Release Records, Exhibit A-29 to Notice of Removal, Docket Entry No. 1-1, p. 504.

[21] Plaintiff's Motion to Remand, Docket Entry No. 11, pp. 9–10.

[22] Plaintiff also argues that even if it acted in bad faith, Chase's removal was untimely because Chase had only 30 days to remove from the date the action became removable.  Plaintiff's Motion to Remand, Docket Entry No. 11, p. 11 ¶ 16.  However, a bad-faith analysis under § 1446(c)(1) does not require the defendant to remove within 30 days of the action becoming removable.  See Guerrero, 2023 WL 3480903, at *4-5 (denying plaintiff's motion to remand without analyzing whether the defendant removed within 30 days because the plaintiff acted in bad faith); see also Flores, 2020 WL 6385679, at *4 (same); David-Lange, 2021 WL 5278721, at *4 (same).  Joining a defendant in bad
(continued...)

**B.   Chase's conduct in state court did not waive its right to remove the action to federal court.**

Plaintiff argues that because Chase responded to written discovery requests, produced documents, and filed a partial motion for summary judgment, it waived its right to remove the action to federal court.[23] However, "[a] waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." Tedford v. Warner-Lambert Co., 327 F.3d 423, 428 (5th Cir. 2003), superseded by statute on other grounds as stated by, Hoyt, 927 F.3d 287. Moreover, filings in state court before the case becomes removable "cannot themselves form the basis for waiver." Badaiki v. Schlumberger Holdings Corp., Civil Action No. 4:20-CV-2216, 2020 WL 8515066, at *7 (S.D. Tex. Dec. 15, 2020); see also Hydro-Action, Inc. v. James, 233 F. Supp. 2d 836, 840 (E.D. Tex. 2002) ("Any actions taken in state court before it became ascertainable that the case was removable cannot logically be indicative of a decision by the Defendants to continue in state court rather than federal court.").

---

[22](...continued)
faith is not the same as improper joinder, which requires removal within 30 days. See TK Trailer Parts, LLC v. Long, Civil Action No. 4:20-cv-2864, 2020 WL 6747987, at *5 (S.D. Tex. Nov. 2, 2020) ("[I]mproper joinder differs from bad faith even though both doctrines are designed to prevent gamesmanship in diversity cases."); report and recommendation adopted, Civil Action No. 4:20-cv-2864, 2020 WL 6743738 (S.D. Tex. Nov. 17, 2020).

[23]Plaintiff's Motion to Remand, Docket Entry No. 11, p. 13.

Filing an answer and exchanging written discovery requests did not waive Chase's right to remove. Chase's partial motion for summary judgment did not waive its right to remove because it has yet to be ruled on and concerns a discovery issue between Chase and Plaintiff.[24]

Because Chase did not seek an adjudication on the merits and because the case was not removable until it was clear Plaintiff was not pursuing its claims against Elizares, Chase's actions in state court did not waive its right to remove.

### IV. Conclusion and Order

For the reasons explained above, Plaintiff's Motion to Remand (Docket Entry No. 11) is **DENIED**.

**SIGNED** at Houston, Texas, on this 3rd day of October, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[24]Response to Plaintiff's Motion to Remand, Docket Entry No. 12, pp. 9-10 ¶ 10. The partial motion for summary judgment "was filed in response to [Plaintiff's] motion to compel, as [Plaintiff] was relying on . . . preempted common law claims to compel documents." Id. at 9 ¶ 10.